EASTERN DIS.
*May*, 1833.

DENIS,
SYNDIO, &c.
*vs.*
OGER ET AL.

DENIS, SYNDIC, &c. *vs.* OGER ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

If a defendant, interrogated as to his receiving certain notes from an insolvent as collateral security, answer that they were not transferred to him as collateral security, the strong presumption of verity attached to his answer, is not destroyed by the near proximity of the amount of the notes, to the debt of the insolvent to the defendant, as sworn to at the meeting of his creditors.

On the 28th February, 1831, Benoit and Blanchard filed their bilan, and made a cession of their property. In the month of October following, this suit was instituted by their syndic, to recover of the defendants five promissory notes in their possession, drawn by Honoré Gainet, on the 9th October, 1830, and payable on the ninth of March, 1832, amounting in the whole, to the sum of five thousand five hundred and ninety-eight dollars and seven cents.

The defendants pleaded the general denial, and that they were the true owners of the notes.

The plaintiff had judgment, and the defendants appealed.

PORTER, J. delivered the opinion of the court.

The petitioner sues the defendants to obtain possession of five notes of hands executed by one Gainet, in favor of the insolvents.

The answer puts at issue the right asserted in the petition.

The plaintiffs resorted to the conscience of his adversaries for the proof necessary to enable him to sustain his case, and propounded to them the following interrogatories:

1. How did you come in possession of the above described notes and when?

2. Were not the above described notes given to you as collateral security for sums due you by the said Benoit and Blanchard?

To the first interrogatory, it was answered "that the notes mentioned in the petition, were given by Benoit and Blan-

chard, to the firm of C. Oger & Co., in order to be discounted,
and with the proceeds, to take up notes of Benoit and Blan-
chard, which were held by the firm; that the said notes could
not be discounted, and the firm of witness took up the notes
of Benoit and Blanchard when they became due, and kept
the notes mentioned in the petition.   That the notes, No. 1
to 8, now exhibited by witness, are the notes of Benoit and
Blanchard, taken up by the firm of witness as aforesaid.
That Mr. Blanchard, one of the firm of Benoit and Blanchard,
wrote a letter to the firm of witness, authorising them to keep
the notes mentioned in the petition as their property, said
letter is now in the hands of Mr. Soulé, the counsel of C.
Oger & Co.; said notes were received by the firm of C. Oger
& Co., from the insolvents, Benoit and Blanchard, in the
months of May or June, 1830.   Deponent being asked if the
said notes were not delivered to the house of C. Oger & Co.
as collateral security for sums due them by the insolvents, says
they were not.

The judge of the first instance was of opinion, "that the notes
claimed in the petition, were placed in the hands of the
defendants, not as evidence of a new debt, but as the means
of meeting the payment of a debt already existing, but not
yet due, and that the purpose for which they were given
having failed, the parties must be placed *in statu quo.*"

This conclusion is probably correct, if the case was to be
decided alone on the agreement by which the notes came into
the hands of the defendants.   But the opinion of the judge.
totally overlooks that part of the answer to the interrogato-
ries, wherein the defendants state, that the plaintiffs after-
wards directed them to hold their notes as the property of
the former; this, if true, destroys the claim of the petitioner.

We have, therefore, to inquire, whether it be true?   The
law gives such faith to the answers on interrogatories, that
their verity is considered complete, "unless contradicted by
two witnesses, or by one witness and strong corroborating
circumstances."   Neither one or two witnesses in the present
case, contradict the answer of the defendants; but their evi-
dence, it is contended, would be superfluous and is unneces-

EASTERN DIS.
May, 1833.

DENIS,
SYNDIC, &c.
vs.
.OGER ET AL.

sary, as the falsity of the reply to the questions propounded, is evident by an oath taken at the meeting of the creditors of the insolvents, by the defendants. It is shown they there swore, they were creditors of the estate for the sum of nine thousand two hundred and ninety-five dollars and ninety-five cents, and that it appears the amount of notes of the bankrupts held by them at the period, the obligations now sued for, were remitted to be discounted, was nine thousand, one hundred and twenty-eight dollars and twenty-five cents. The close approximation of these sums, it is urged, shows that the notes now sued for, were not received in payment, for if they had, the balance due to the defendants, would not amount to four thousand dollars. This argument would be entitled to some weight, if it were shown that at the time the insolvents passed the notes to the defendants as their property, nothing more was due to them than the amount evidenced by the obligations of the former, or that they did not become indebted to them since. But no evidence of that kind is produced; we are left to infer it from the near approach which the amount sworn to and that evidenced by the notes, make to each other. This is surely not enough to destroy the strong presumption of verity which the law attaches to the answer to interrogatories, and certainly does not authorise this court to believe and say, the defendants committed perjury.

*If a defendant interrogated as to his receiving certain notes from an insolvent as collateral security, answer that they were not transferred to him as collateral security, the strong presumption of verity attached to his answer, is not destroyed by the near proximity of the amount of the notes, and the debt of the insolvent to the defendant, as sworn to at the meeting of his creditors.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided, and reversed; and it is further ordered, that there be judgment for the defendants as in case of non-suit, with costs in both courts.

*Soulé*, for appellants.

*Appellee, in propria persona.*